IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| LAJUANA BLACKWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 111-022 |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 16). In the administrative proceedings underlying the above-captioned social security appeal, the Administrative Law Judge ("ALJ") found that Plaintiff suffered from impairments associated with paraneoplastic limbic encephalitis and was disabled from November 22, 2006, through November 22, 2007. However, he found that she experienced medical improvement such that she was not disabled from November 23, 2007, through the date of his decision. Tr., pp. 23-31. The Magistrate Judge found that the ALJ's partially favorable decision was erroneous because he improperly discounted the opinion of Plaintiff's treating physician, Nicholas G. Avgeropoulos, M.D. As a result, the Magistrate Judge

recommended the reversal of the Commissioner's final decision pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. no. 14.)

In his objections, the Commissioner asserts that "the relevant inquiry is whether the record showed a decrease in the severity of Plaintiff's cognitive disorder or deficits related to her ability to work after November 22, 2007." (Doc. no. 16, p. 2.) The Commissioner also contends that ALJ established the requisite good cause for discounting Dr. Avgeropoulos's opinion when he stated that Dr. Avgeropoulos's treatment notes do not list any vocational limitations after November 22, 2007, that would prevent all competitive work. (Id. at 3-4.) In addition, the Commissioner argues that the record discloses evidence showing a decrease in the severity of Plaintiff's impairments following November 22, 2007, which supports the ALJ's determination that medical improvement as of that date and his decision to accord reduced weight to Dr. Avgeropoulos's opinion regarding the nature and severity of Plaintiff's impairments. (Id. at 1-3.)

The Court finds that these objections lack merit. As noted in the R&R (doc. no. 14, pp. 6-7), a treating physician's opinion is entitled to substantial weight absent a showing of good cause, which requires specification of an adequate reason for discounting the opinion. See Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004) (*per curiam*); Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). In light of this well-established principle, the Commissioner misses the mark in attempting to cast the determinative inquiry as whether the record discloses evidence suggesting a decrease in severity of Plaintiff's impairments after November 22, 2007. (See doc. no. 16, p. 2.) The problem is that, in determining that Plaintiff experienced medical improvement such that she was not disabled

2

after November 22nd, the ALJ discounted the opinion of Dr. Avgeropoulos without showing good cause, which constitutes reversible error under Eleventh Circuit law. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

Contrary to the argument advanced by the Commissioner in his objections, the ALJ did not establish good cause for discounting Dr. Avgeropoulos's treating source opinion by stating that his treatment notes do not list any vocational limitations after November 22, 2007, that would prevent all competitive work. In a series of medical records from June to October of 2007, the period immediately preceding Plaintiff's purported date of medical improvement, Dr. Avgeropoulos specified a number of impairments resulting from Plaintiff's paraneoplastic limbic encephalitis, including impaired memory and language processing due to a residual cognitive deficit, as well as fine motor inabilities on the left side. Tr., pp. 362-66. The Commissioner emphasizes in his objections that a later treatment note from Dr. Avgeropoulos, dated December 27, 2007, does not list specific impairments, but rather offers a general opinion as to the severity of Plaintiff's physical, cognitive, and emotional impairments. (Doc. no. 16, p. 3-4.) However, the fact that Dr. Avgeropoulos's December 27th treatment note does not redundantly catalogue the impairments specified in his records from June to October of 2007 does not show any inconsistency that justifies according reduced weight to the entirety of Dr. Avgeropoulos's "assessments and treatment notes," which is precisely what the ALJ did. Tr., p. 30.

The Commissioner further takes issue with the Magistrate Judge's reliance on Dr. Avgeropoulos's treatment records from June to October of 2007, asserting that such records are immaterial because they "do not concern the period at issue after November 23, 2007."

3

(Doc. no. 16, p. 2 n.3.) This contention is also unavailing, as medical records that relate to the nature and severity of Plaintiff's impairments do not become wholly irrelevant simply because they precede the date of medical improvement fixed by the ALJ. See Barclay v. Comm'r of SSA, 274 F. App'x 738, 744 (11th Cir. 2008) (*per curiam*) (noting that evidence from outside the relevant time period may nevertheless relate to that period); Kemp v. Astrue, Civil Action No. 8:09-3318, 2011 U.S. Dist. LEXIS 107497, at *50 n.15 (D.S.C. Sept. 22, 2011) ("[E]vidence should not be disregarded merely because an evaluation occurred outside the relevant time period so long as it may be relevant to prove a disability during the relevant time period."). Moreover, it cannot be said that Dr. Avgeropoulos's records from June to October of 2007 lack relevancy due to their timing, as they were created during the period immediately leading up to the date of Plaintiff's purported medical improvement. Cf. Barclay, 274 F. App'x at 743 (finding that medical records dated two to four years after the relevant time period lacked relevance).

Furthermore, the Court is unpersuaded by the Commissioner's attempt to point to record evidence suggesting medical improvement that was not specified by the ALJ as a reason for discounting Dr. Avgeropoulos's opinion. (See doc. no. 16, pp. 2-3.) Because the Court must refrain from deciding the facts anew or re-weighing the evidence, see Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*), the Court cannot rescue the ALJ's inadequate analysis based on the Commissioner's post-hoc identification of record evidence not specifically relied upon by the ALJ with respect to his decision to discount the opinion of Plaintiff's treating physician.

4

In sum, these objections provide no basis for departing from the Magistrate Judge's recommendation. The Commissioner's objections not specifically discussed herein are likewise without merit. As a result, the Commissioner's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** to the Commissioner for further consideration in accordance with the Court's opinion.

SO ORDERED this 14th day of June, 2012, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA